United States District Court
For the Northern District of California

**\*E-FILED 5/12/06\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRANCIS YEE and IRENE YEE,<br><br>        Plaintiffs,<br>    v.<br><br>VENTUS CAPITAL SERVICES, INC. et al.,<br><br>        Defendants.<br>_____/ | NO. C 05-03097 RS<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT** |

## I. INTRODUCTION

Defendant Ventus Capital Services, L.P. (erroneously sued as Ventus Capital Services, Inc.) moves for summary judgment or partial summary judgment on plaintiffs' claims for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the California Rosenthal Fair Debt Practices Act, Civil Code § 1788 *et seq.* The motion was fully briefed and heard by the Court on May 3, 2006. Based on all papers filed to date, as well as on the argument of counsel, the Court denies the motion.

## II. BACKGROUND

Plaintiff Francis Yee obtained a credit card from AT&T Universal Card. At some point, the account was transferred to Citibank. Subsequently, Mr. Yee defaulted in payments on the account and defendant Academy Collection Service, Inc. sought to collect the balance due.

On November 9, 2004, Mr. Yee entered into an agreement with Academy to settle the AT&T account. *See* Second Amended Complaint ¶ 20. Apparently, a dispute arose regarding the

settlement, and Academy discontinued its collection efforts. *See* Second Amended Complaint ¶ 20. On February 2, 2005, the account was placed with Ventus for collection on behalf of Citibank. *See* Defendant's Motion for Summary Judgment ("MSJ"), Exh. A, Winton Decl. ¶ 8.

After receiving the account, Ventus sent a collection letter to Mr. Yee. *See* Defendant's MSJ, Exh. A, Winton Decl. ¶ 8. Thereafter, Ventus contacted Mr. Yee by phone in an attempt to collect on the account. *See* Defendant's MSJ, Exh. A, Winton Decl. ¶ 9. At some point, Mr. Yee informed Ventus that he had enlisted the services of attorney Eric Fagan and that any further inquiries regarding the matter should be directed to Mr. Fagan. *See* Defendant's MSJ, Exh. A, Winton Decl. ¶ 10. There is a dispute as to whether Mr. Yee had hired Mr. Fagan in his capacity as an attorney or in his capacity as a debt negotiator. Ventus began contacting Mr. Fagan's office regarding the Yee account in addition to contacting Mr. and Mrs. Yee directly.

After several months of receiving phone calls from Ventus attempting to collect on the account, the Yees filed this action against Ventus, several of its former employees, and Academy alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, the California Rosenthal Fair Debt Collection Practices Act, as well as claims for intentional infliction of emotional distress and negligence. *See* Second Amended Complaint. Specifically, the Yees allege that Ventus contacted them numerous times in violation of 15 U.S.C. § 1692c(a)(2), in that Ventus was aware that the Yees were represented by an attorney. *See* Second Amended Complaint ¶ 21. They claim that Ventus harassed, oppressed, and abused them. *See* Second Amended Complaint ¶ 21, 22. Additionally, the Yees claim that Ventus misrepresented the amount they owed and failed to notify the creditor that the amount was in dispute. *See* Second Amended Complaint ¶ 25. Furthermore, the Yees allege that Ventus misrepresented the imminence of legal action. *See* Second Amended Complaint ¶ 29. The Yees make essentially the same allegations under the Rosenthal Act, as that statute incorporates and tracks the federal provision.

Ventus now moves for summary judgment or partial summary judgment, asserting that plaintiffs' allegations fail as a matter of law because (1) The Yees failed to allege or show that the debt was consumer debt; (2) The Yees failed to contest the debt in a timely manner; (3) Ventus's direct contacts with the Yees were permissible under the circumstances; and (4) Ventus did not

1 violate 15 U.S.C. § 1692e(8) by failing to communicate that the debt was disputed; (5) the claims
2 under California law fall with the failure of the federal claims.

### III. LEGAL STANDARDS

Summary judgment is proper "if the pleadings and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." *Celotex v. Catrett*, 477 U.S. 317, 323-324 (1986).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.  If it meets this burden, the moving party is then entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of his case with respect to which he bears the burden of proof at trial.  *Id.* at 322-23.

The non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  The non-moving party cannot defeat the moving party's properly supported motion for summary judgment simply by alleging some factual dispute between the parties.  To preclude the entry of summary judgment, the non-moving party must bring forth material facts, i.e., "facts that might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 588 (1986).

The court must draw all reasonable inferences in favor of the non-moving party, including questions of credibility and of the weight to be accorded particular evidence. *Masson v. New Yorker Magazine, Inc.*, 111 S.Ct. 2419, 2434-35 (1991) (citing *Anderson*, 477 U.S. at 255); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 588 (1986); *T.W. Elec. Service v. Pacific Elec. Contractors*, 809 F.2d 626, 630 (9th Cir. 1987).  It is the court's responsibility "to determine

whether the 'specific facts' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *T.W. Elec. Service*, 809 F.2d at 631.  "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.  However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587.

## IV. DISCUSSION

### A. Triable Issues of Fact Preclude Summary Judgment

The operative second amended complaint names Ventus and its employees in the Second, Fourth, Sixth, and Eighth Claims for Relief.  Nothing in Ventus's motion is directed at disposing of the Sixth claim (intentional infliction of emotional distress) or the Eighth claim (negligence). Although it is not entirely clear that such claims would be viable in the absence of an underlying statutory violation, Ventus's failure to address the point expressly would preclude entry of summary judgement on this record.

Of the several arguments made by Ventus in support of its motion only one would, if meritorious, dispose of the statutory claims in their entirety.  Ventus contends that the Yees may not proceed under either the Fair Debt Collection Practices Act (Second Claim for Relief) or its California counterpart, the Rosenthal Act (Fourth Claim for Relief), because both acts apply only with respect to loans made "primarily for personal, family, or household purposes."  See 15 U.S.C § 1692a (5); Cal. Civ. Code § 1788.2 (e).  Ventus contends that the Yees have failed even to *allege* that the account was used primarily for such non-commercial purposes (despite having amended twice) and that the Yee's discovery responses show that they have no evidence to support their claim on this point.

As to the complaint, the Yees are correct that it specifically alleges that the debt was a "consumer debt" as defined by the relevant statutes.  SAC paras. 15 and 17.  Ventus has offered no reason that would justify entry of summary judgment simply because the complaint does not allege more detailed facts to show that the statutory definitions have been satisfied.

4

Ventus's reliance on the Yees' discovery responses arguably was sufficient to shift the burden to the Yees to show that there is evidence to support a triable issue of fact (see *Celotex v.*, 477 U.S. at 322-323), but the Yees have met that burden. By declaration, Mr. Yee specifically testifies that he used the account "primarily for personal, household, and family reasons . . . entertainment, gasoline purchases, groceries, and other such personal expenses." Yee Declaration, para. 4.

This testimony does *not* contradict any of the prior discovery responses on which Ventus relies; although some of those responses were ambiguous or incomplete, none of them would serve to preclude Yee offering his declaration now, or testimony at trial, to state unequivocally how he contends he used the credit card.

Finally, to the extent Ventus contends that the Yees' claim must fail because they apparently have not been able to produce *documentary* evidence of how the card was used, it does not take documents to create a triable issue of fact. A trier of fact must decide whether or not Yee's testimony is credible–the presence or absence of supporting documentation might go to weight, but summary judgment does not permit such a weighing process.[1]

B. <u>Partial Summary Judgment</u>

The remainder of Ventus's arguments go to the Yees' allegations that various specific subparts of the statutes were violated. Although none of these arguments would dispose of the Yee's basic claim, Ventus argues that a ruling in its favor would have a substantial impact on the scope of discovery and would narrow the issues at trial.

1) <u>Communicating with a represented debtor.</u>

Ventus contends it cannot be held liable for directly communicating with the Yees after learning they were represented by an attorney, because it allegedly had permission to do so and because the attorney also offers non-legal representation services to debtors. The record is not sufficiently clear to permit a determination that no triable issues of fact exist as to whether all of

---

[1] Ventus's reply brief was silent as to this issue regarding the nature of the debt. At the hearing, counsel indicated that Ventus would concede that Mr. Yee's declaration is sufficient to create a triable issue of fact.

5

Ventus's direct contacts with the Yees were proper. Ventus has offered only somewhat cryptic notes presented by a custodian of records. While Ventus may be correct that the business records exception to the hearsay rule makes the notes themselves admissible, the custodian's attempt to explain and interpret what those notes mean is not competent evidence. Absent a more reliable and complete picture of what may have been said to Ventus about direct contact with the Yees, summary judgment is inappropriate. Ventus's alternative argument that it need not have treated the Yees as represented by counsel because Mr. Fagan also offers non-legal services and because Ventus spoke with a non-lawyer in his office, is similarly unpersuasive. Even assuming circumstances could exist where it was clear that an attorney was somehow not acting as an attorney in his or her representation of a debtor, Ventus has not shown that it would have had any right to presume that was the case here.

2) <u>Disputed Debt</u>

Ventus contends the Yees are precluded from asserting any claims relating to whether it honored its obligations to recognize that the amount of debt was in dispute, because the Yees purportedly failed to dispute the amount in a timely manner.[2] The record is unclear even now as to what, exactly, the Yees dispute regarding the amount of the debt. It appears, though, that their contention of a misstated amount may arise from their allegations that an agreement was reached with Academy as to an amount to be paid and that they tendered a payment under that agreement. If so, then Ventus's argument that it was not timely informed of this "dispute" fails because the records presented by Ventus appear to show that the Yees did raise that issue with Ventus from the outset.[3]

Regardless of the precise nature of what the Yees may now be contending is the dispute, however, there is simply an insufficient factual record to permit summary judgment. Even though the burden to show specific factual disputes can be shifted to the non-moving party by an adequately

---

[2] This argument apparently goes to the viability of both paragraph 29 (e) and 29 (g) of the Second Amended Complaint.

[3] If this is the only basis on which the Yees contend that the amount of the debt was in dispute, Ventus may be able to argue that there was in fact no dispute within the meaning of the statute. That issue, however, is not presented by this motion and the Court expresses no opinion as to whether such an argument would have legal merit.

6

supported motion, here the admissible evidence offered by Ventus falls too far short of establishing that it is entitled to judgment to warrant application of that rule.

Finally, for much the same reason, the Yees' claim that Ventus violated 15 U.S.C. § 1692e(8) by misreporting the debt cannot be summarily adjudicated on this record. Ventus has not shown with enough clarity that no violation occurred to shift the burden to the Yees to make a specific factual showing to the contrary.

## V. CONCLUSION

The motion for summary judgment or partial summary judgment is DENIED.

IT IS SO ORDERED.

Dated: May 12, 2006

RICHARD SEEBORG
United States Magistrate Judge

ORDER DENYING MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT
C 05-03097 (RS)

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Steve W. Dollar     nritz@eakdl.com

Eric F. Fagan     efagan@efaganlaw.com, dorian@efaganlaw.com

Daniel Paul McKinnon     dmckinnon@eakdl.com, nritz@eakdl.com

John Karl Rossman     rossmanj@moss-barnett.com, cred-rem@moss-barnett.com

Natalie P. Vance     nvance@klinedinstlaw.com, jbrelsford@klinedinstlaw.com; lwelch@klinedinstlaw.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 5/12/06**                                                   **Chambers of Judge Richard Seeborg**

                                                                            **By:**     **/s/ BAK**

ORDER DENYING MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT
C 05-03097 (RS)

8