IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRANCIS YEE, IRENE YEE<br><br>Plaintiffs,<br><br>v.<br><br>VENTUS CAPITAL SERVICES,<br><br>Defendant. | NO. C 05-03097 (RS)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND** |

Before the Court is plaintiffs Francis and Irene Yee's Motion for Leave to file a third amended complaint, filed May 17, 2006. Defendant Ventus Capital Services, LP has filed written opposition. Pursuant to Local Rule 7-1 (b), the Court finds this matter suitable for disposition without oral argument.

## BACKGROUND

The Yees seek leave to add an allegation that Ventus violated the Rosenthal Act, California Civil Code § 1812.700, by failing to include certain required language in its debt collection letter to the Yees. In opposition, Ventus makes five basic arguments: (1) the Yees' proposed amendment is barred by the statute of limitations as the claim does not relate back to the original pleading; (2) the Yees' motion has been made in bad faith under Federal Rule of Civil Procedure 11(b)(3); (3) the

Yees unduly delayed in bringing this claim; (4) allowing the amendment would prejudice Ventus; and (5) the proposed amendment is futile. These arguments are addressed separately below.

## RELEVANT LEGAL STANDARDS

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Generally, leave to amend is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon,* 316 F.3d 1048, 1051 (9th Cir 2003) (reversing and remanding to the district court the plaintiff's motion to amend where the plaintiff had amended his complaint three times already, but sought leave of court in good faith to meet the district court's heightened pleading requirements). In deciding whether to grant leave to amend the court generally considers five non-exclusive factors: (1) undue delay by the movant; (2) bad faith or dilatory motive by the movant; (3) repeated failure by the movant to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party if the amendment were allowed; and (5) the futility of the amendment. *Id.* at 1051-1052. The court looks primarily to whether the proposed amendment will prejudice the opposing party. *Id.* at 1052. Without a showing of prejudice, or an otherwise strong showing of any of the other aforementioned factors, the court favors granting leave to amend. *Id.*

## DISCUSSION

A. <u>Statute of Limitations</u>

Under Federal Rule of Civil Procedure 15(c), an amendment relates back to the original pleading if "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). Ventus argues that the new claim, which it characterizes as involving the "alleged lack of certain text in the first written notice in connection with the collection of a debt" is insufficiently related to the original claims, limited it argues, to telephone communications between the parties. The distinction Ventus is drawing between the precise nature of the claims fails to recognize they need only arise out of the same general "transaction." As it appears on the present record that the claims can fairly be characterized as all arising out of Ventus's collection efforts with respect to a single debt, the Court cannot conclude that the proposed amendment fails to relate back

1  to the original complaint.  Therefore, it does not appear as a matter of law that the Rosenthal Act's
2  three-year statute of limitations necessarily bars the claim, in that the original complaint was filed on
3  July 29, 2005.
4  B.  Bad Faith
5      Next, Ventus suggests the Yees' new claim is made in bad faith under Federal Rule of Civil
6  Procedure 11(b)(3).  This rule, as applied here, requires that the Yees certify to the best of their
7  knowledge, on information and belief formed after a reasonable inquiry, that they have evidentiary
8  support, or are likely to have evidentiary support after a reasonable opportunity for further
9  investigation and discovery, for their proposed amendment.  Fed. R. Civ. P. 11 (b)(3).
10     Ventus contends the Yees lack such evidence to support their claim and that Yees know or
11 should know the proposed amendment is frivolous.  It appears that the Yees first became aware of
12 this particular claim when Ventus provided a "template" of its form collection letter as part of a
13 motion for summary judgment it recently brought.  That template lacked certain language mandated
14 by the Rosenthal Act.  Ventus now argues that despite its prior presentation of that template as a fair
15 representation of the actual letter sent to the Yees, the Yees and the Court should conclude with
16 certainty that the letter Ventus actually sent to the Yees was based on a different template, which
17 was specifically tailored to comply with California law.  Further discovery may eventually answer
18 the question of what was contained in the actual letter sent to the Yees.  At this point, however,
19 Ventus's own submissions to the Court have created a sufficient basis for the Yees to make the claim
20 that the letter lacked the requisite disclosures.
21 C.  Prejudice
22     In considering a proposed amendment, the Court primarily looks to the prejudice the
23 opposing party will suffer from granting the motion.  *McGlinchy v. Shell Chemical Co.*, 845 F.2d
24 802, 809 (9th Cir 1988) (holding that where discovery had not already covered all the new claims the
25 plaintiff sought to add, the defendant would suffer prejudice from the delay and expense of taking
26 new depositions, conducting new research, and rewriting trial briefs).  Prejudice may occur if an
27 opposing party will incur significant additional expenses, will suffer great delays in the resolution of
28 the conflict, or will significantly increase the complexity of the case.  *In re Fritz Cos. Sec. Litig.*, 282

1  F. Supp. 2d 1105, 1109 (N.D. Cal. 2003) (granting the plaintiff's motion to amend where the
2  defendant only faced the expense of briefing another round of the plaintiff's motions, and defendant
3  failed to show how delay in bringing the claim would prejudice them in any way).  Courts have
4  found prejudice when adding new claims well into the proceedings alters the nature of the case.
5  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (denying the
6  plaintiff's motion to amend where granting the motion would have caused the defendant to
7  undertake "at a late hour," an entirely new line of defense).  The party opposing the motion faces the
8  burden of demonstrating prejudice.  *Dcd Programs Ltd. V. Leighton*, 833 F.2d 183, 187 (9th Cir
9  1987).

10  Under these standards, Ventus fails to establish that it would be unfairly prejudiced if the
11  Yees' motion is granted.  Discovery is scheduled to continue until October 16, 2006.  The Yees'
12  proposed amended claim will not result in any need for an extended discovery period in that, as
13  noted above, the new claim relates to the issues already contemplated in the original complaint.
14  While Ventus contends its officers will be forced to spend time in the discovery process rather than
15  engaging in their normal duties, that is merely the unfortunate impact of litigation typically.  In
16  short, Ventus has not advanced a sufficient showing of undue prejudice to offset the settled principle
17  in favor of liberal pleading amendments.

18  D.  Futility

19  A proposed amendment is futile and leave to amend may be denied if "no set of facts can be
20  proved under the amendment that would constitute a valid claim or defense."  *Miller v. Rykoff-*
21  *Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988) (holding that the trial court abused its discretion in
22  denying the plaintiff's motion to amend to include an affirmative defense of settlement when the
23  plaintiff and defendant had documented evidence of proposed settlement from prior interactions).
24  Futility alone is grounds for denial of leave to amend.  *Nunes v. Ashcroft*, 375 F.3d 805, 808-810
25  (9th Cir 2004).

26  As noted above, Ventus now takes the position that it never sent a collection letter based on
27  the first template that lacked the California-specific language.  Ventus argues, however, that even if
28  it initially did send such a letter, the Yees new claim is futile because Ventus cured the violation

4

1 under Cal Civ. Code 1788.30(d). This provision provides that, "a debt collector shall have no civil
2 liability under this title if, within 15 days either after discovering a violation which is able to be
3 cured, or after the receipt of a written notice of such violation, the debt collector notifies the debtor
4 of the violation, and makes whatever adjustments or corrections are necessary to cure the violation
5 with respect to the debtor." Cal Civ. Code 1788.30(d).

6 Absent a clear factual record as to what letter or letters were sent and when, however, there is
7 no way to determine whether Ventus timely cured any violation. Ventus, therefore, has not
8 established futility with sufficient certainty to preclude the proposed amendment.

9 F. Undue Delay

10 Finally, Ventus contends that the Yees unduly delayed in filing their proposed amendment.
11 While undue delay is one factor supporting denial of leave to amend, by itself it is insufficient.
12 *Bowles v. Reade*. 198 F.3d 752, 758 (9th Cir 1999) (holding the district court abused its discretion in
13 denying plaintiff's motion to amend for the sole reason that the plaintiff had waited for over two
14 years to amend). Undue delay, coupled for example with undue prejudice or a showing of bad faith,
15 may warrant the denial of a motion to amend. *Id.* Delay becomes prejudicial or indicative of bad
16 faith in situations such as when the timing of the request to amend compared to the need to amend
17 reflects gamesmanship by the moving party. *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp 2d.
18 1081, 1086 (S.D. Cal. 2002) (holding that undue delay had not occurred where defendant filed an
19 answer to plaintiff's complaint, and sought to amend the answer four months later, but where the
20 parties had not yet participated in discovery).

21 Here, the Yees sought leave to amend promptly after becoming aware of this claim during
22 the prior summary judgment proceedings. Ventus's contention that there was undue delay is based
23 on its argument that the Yees could or should have made this claim from the outset, since they
24 presumably received a copy of the actual collection letter. At this point, the record is unclear as to
25 whether and when the Yees received the original letter, whether they retained a copy, and whether
26 they ever provided a copy of it to their counsel. At best, an inference could be drawn that perhaps
27 the Yees *should* have been aware of this claim from the outset, but there is no indication that they
28 *actually* were aware of the claim but then delayed in bringing it. Under all the circumstances here,

5

leave to amend is warranted.

## CONCLUSION

For the reasons stated above, the Yees' motion to amend is granted. Ventus shall have up to and including 10 days to respond to the new claims in the third amended complaint.

IT IS SO ORDERED.

Dated: June 27, 2006

_____
RICHARD SEEBORG
United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

Steve W. Dollar     nritz@eakdl.com

Eric F. Fagan     efagan@efaganlaw.com, dorian@efaganlaw.com

Daniel Paul McKinnon     dmckinnon@eakdl.com, mcisneros@eakdl.com

John Karl Rossman     rossmanj@moss-barnett.com, cred-rem@moss-barnett.com

Natalie P. Vance     nvance@klinedinstlaw.com, jbrelsford@klinedinstlaw.com; lwelch@klinedinstlaw.com

**Dated: 6/27/06**                                                                 **Chambers of Judge Richard Seeborg**

**By:**        **/s/ BAK**