*E-FILED 10/26/06*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRANCIS YEE, IRENE YEE | NO. C 05-03097 (RS) |
| Plaintiffs, | **ORDER DENYING MOTION TO DISQUALIFY** |
| v. | |
| VENTUS CAPITAL SERVICES, ET AL. | |
| Defendants. | |

## INTRODUCTION

In this action alleging violations of the Fair Debt Collection Practices Act, defendant Academy Collection Service, Inc. moves to disqualify attorney Eric Fagan from continuing to represent plaintiffs Francis and Irene Yee, on grounds that Fagan represented the Yees in certain pre-suit negotiations regarding the dispute and therefore will be a material witness at trial. Pursuant to Local Rule 7-1 (b), the Court finds this motion suitable for disposition without oral argument. For reasons explained below, the motion will be denied.

## DISCUSSION

Rule 5-210 of the California Rules of Professional Conduct provides, in relevant part: "A member [of the California Bar] shall not act as an advocate before a jury which will hear testimony from the member unless . . . [t]he member has the informed written consent of the client." The commentary to the rule further explains, "Rule 5-210 is not intended to apply to circumstances in which a lawyer in an advocate's firm will be a witness."

Here, Fagan demonstrates that he has obtained the Yees' informed written consent to his continued representation of them notwithstanding the possibility that he *may* be called as a witness.[1] Additionally, Fagan has offered that his associate, Jeremy S. Golden, is prepared to try the case, if necessary. Accordingly, there exists no violation of Rule 5-210 and therefore no requirement that Fagan withdraw from representing the Yees in this action.[2]

The provision of Rule 5-210 permitting clients to consent to representation by an attorney who will also be a witness was added in response to prior California precedent disqualifying counsel in such circumstances. Compliance with the current version of the rule does not *necessarily* prevent disqualification.

> "[T]he trial court under the new rule still has discretion to order withdrawal of counsel in instances where an attorney or a member of the attorney's law firm ought to testify on behalf of his client. The amended rule, however, changes the emphasis which the trial court must place upon the competing interests, in reaching its decision. Under the amended rule . . ., the trial court, when balancing the several competing interests should resolve the close case in favor of the client's right to representation by an attorney of his or her choice and not as in [prior precedent] in favor of complete withdrawal of the attorney. Under the present rule, if a party is willing to accept less effective counsel because of the attorney's testifying, neither his opponent nor the trial court should be able to deny this choice to the party without a convincing

---

[1] Whether testimony from Fagan will actually be required is not clear at this juncture, given plaintiffs' suggestion that certain claims may not be pursued and their offer to stipulate to certain facts. Even if it were certain that Fagan will be testifying, however, this motion would still be denied for the other reasons discussed herein.

[2] Furthermore, Rule 5-210 by its terms has no applicability to pre-trial proceedings and therefore would not serve as a basis for disqualification at this stage of the case. Even if Fagan had no associates and his clients were not willing to have him represent them at trial if also testifying, the clients could still choose to have Fagan represent them up to trial. See *L. L. Benas v. Baca*, 2003 WL 21692037 (C.D.Cal. 2003) (clarifying that disqualification order only precluded attorney from acting as advocate at trial, not from participating in pretrial proceedings).

demonstration of detriment to the opponent or injury to the integrity of the judicial process."

*Smith, Smith & Kring v. Superior Court*, 60 Cal.App.4th 573, 579 (quoting *Lyle v. Superior Court*, 122 Cal.App.3d 470, 482 (1981)).

In this instance, there has been no showing of any detriment to defendants or particular harm to the integrity of the process that would result from Fagan's continued representation of the Yees, even assuming he acts both as advocate and witness at trial. Rather, the only potential harm is to the Yees, and they have concluded that the risk of such harm is outweighed by the benefits of continuing with the counsel of their choosing. It is not for defendants or this Court to intefere with that choice.

Finally, because this is a federal court, neither the California rules nor California precedents are strictly controlling, but defendants have cited no federal precedent that would lead to a different result, nor has the Court located any such case.[3] The conclusion is equally sound in federal court that litigants' right to counsel of their own choosing, and their right to take any risk that might be associated with using an advocate who also testifies, outweighs any interests the court or opposing parties might have in precluding those choices, absent unusual circumstances not present here.

---

[3] In *Colyer v. Smith*, 50 F.Supp.2d 966 (C.D. Cal 1999) a disqualification motion was brought on two separate grounds, both of which were rejected by the court. First, the moving party relied on an alleged conflict attaching to opposing counsel by virtue of a prior and current representation of another client. The *Colyer* court concluded that the moving party lacked *standing* to complain about that alleged conflict. 50 F.Supp 2d at 973. While defendant's reply brief attempts to distinguish *Colyer* on this issue, it does not appear that the Yees contend defendant lacked standing to bring this motion, or that they otherwise relied on that portion of the *Colyer* opinion. Rather, the Yees cited to the *Colyer* court's rejection of the *second* ground for disqualification urged in that case, which, like here, was an argument that counsel would be a witness at trial. 50 F.Supp.2d at 974. The *Colyer* court found that there had been an insufficient showing that counsel would in fact testify at trial, but it did allow that the motion could be renewed should other facts develop. *Id.* Thus, *Colyer* certainly supports the Yees' position here, but it did not decide the question of whether an informed written consent would preclude disqualification.

3

## CONCLUSION

The motion to disqualify Eric Fagan is denied.

IT IS SO ORDERED.

Dated: 10/26/06

_____
RICHARD SEEBORG
United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

Steve W. Dollar     nritz@eakdl.com

Eric F. Fagan     efagan@efaganlaw.com, dorian@efaganlaw.com; jeremy@efaganlaw.com

Jeremy Scott Golden     jeremy@efaganlaw.com, dorian@efaganlaw.com

Daniel Paul McKinnon     dmckinnon@eakdl.com, pbradford@eakdl.com

John Karl Rossman     rossmanj@moss-barnett.com, cred-rem@moss-barnett.com

Natalie P. Vance     nvance@klinedinstlaw.com, ntooley@klinedinstlaw.com; lwelch@klinedinstlaw.com

**Dated: 10/26/06**

**By:      /s/ BAK**
     **Chambers**